**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABRAHAM ABDALLAH,<br><br>         *Plaintiff*,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS FL INC.,<br>CHEX SYSTEMS, INC.,<br><br>         *Defendants*. | Case No.: 19-cv-3609<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

      Abraham Abdallah, Plaintiff herein, by his attorneys, alleges and complains of Defendants as follows:

## PRELIMINARY STATEMENT

      1.     Abraham Abdallah ("Plaintiff" or "Mr. Abdallah") is a victim of gross misrepresentation of his data on multiple consumer credit reports.

      2.     LexisNexis Risk Solutions FL Inc. ("LexisNexis"), through its Accurint reports program, issued consumer credit reports on Mr. Abdallah containing gross inaccuracies and mistakes, including confusion of Mr. Abdallah's account with various other, unrelated individuals with similar but different names.

      3.     Chex Systems, Inc. ("Chex Systems") also issued consumer credit reports containing erroneous information.

      4.     Despite repeated requests by Plaintiff to correct the inaccuracies in its consumer credit reports, the reports issues by LexisNexis and Chex Systems (collectively, "Defendants") have not been changed to date.

      5.     Because of these inaccuracies, Mr. Abdallah's credit cards and bank accounts have repeatedly been undeservedly closed.

6. Mr. Abdallah brings claims against LexisNexis and Chex Systems for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York General Business Law § 380 *et seq.* ("NY FCRA").

**JURISDICTION AND VENUE**

7. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees.

9. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

**PARTIES**

11. Plaintiff Abraham Abdallah is a natural person and citizen of New York residing in Brooklyn, New York.

12. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

13. LexisNexis Risk Solutions FL Inc. is a Minnesota corporation and was, at all times relevant to this Complaint, operating as a Nationwide Consumer Reporting Agency within the meaning of the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681a(f)) and a Consumer Reporting Agency or Consumer Credit Reporting Agency within the meaning of NY FCRA (G.B.L. § 380-a(e) and k)).

14. Chex Systems, Inc. ("Chex Systems") is a Minnesota corporation and was, at all times relevant to this Complaint, operating as a nationwide Specialty Consumer Reporting

Agency within the meaning of the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681a(f)) and a Consumer Reporting Agency or Consumer Credit Reporting Agency within the meaning of NY FCRA (G.B.L. § 380-a(e) and k)).

## FACTS

### LexisNexis/Accurint

15. LexisNexis has repeatedly reported inaccurate information concerning Mr. Abdallah's name, aliases, age, birthdate, social security number, addresses and prior addresses, residences and home ownership status, personal associations, and criminal history to various financial institutions through its Accurint program, a consumer credit reporting service, resulting in Mr. Abdallah repeatedly being denied service by those institutions.

16. In a letter dated January 5, 2015, Mr. Abdallah wrote to LexisNexis to request a copy of his Accurint report and to dispute the inaccurate identifying information.

17. On or about February 3, 2015, LexisNexis responded to Mr. Abdallah's dispute by, *inter alia*, denying that it is a Consumer Reporting Agency and asserting that federal law does not require LexisNexis to correct inaccurate information.

18. As part of its response, LexisNexis also provided Mr. Abdallah with a copy of his Accurint report dated February 3, 2015. This report contained numerous inaccuracies, including but not limited to:

   a. A section titled "Names Associated with Subject" contained twenty-three (23) different listed names, birthdates, and social security numbers. Twenty (20) of those listings were inaccurate. Errors included, *inter alia*, misspellings of Mr. Abdallah's name, misidentifying his age, and listing an incorrect social security number.

   b. A section titled "Others Associated with Subject SSN" contained seven (7) different listed names, birthdates, and social security numbers.

3

            Five (5) of those listings were inaccurate. Errors included, *inter alia*, misidentifying Mr. Abdallah for his brother Ahamad and other unknown individuals.

      c.      A section titled "Address Summary" contained twenty-seven (27) different addresses and the alleged years Mr. Abdallah lived there. Twenty-five (25) of those addresses were inaccurate. Mr. Abdallah does not now and has never lived at those twenty-five addresses.

      d.      In a section titled "Previous and Non-Verified Addresses" containing twenty-four (24) addresses and P.O. Boxes, eighteen (18) of the listings were inaccurate. Mr. Abdallah does not and has never lived at those addresses or utilized any of the identified P.O. Boxes.

      e.      In a section titled "Possible Associates" containing eighteen (18) different individuals that were "associated" with Mr. Abdallah (in an undisclosed fashion), seventeen (17) were inaccurate. Mr. Abdallah does not know or has no associations with any of those seventeen individuals.

19.      In a subsequent letter dated February 2, 2016, Mr. Abdallah again wrote to LexisNexis disputing the inaccurate information contained in the Accurint reports.

20.      Specifically, Mr. Abdallah requested that LexisNexis remove all names and addresses that were not his and indicated that financial institutions were denying him services due to the Accurint reports.

21.      On or about March 21, 2016, LexisNexis responded to the dispute with boilerplate language re-asserting that, *inter alia*, LexisNexis is not a Consumer Reporting Agency and it would not verify or correct inaccurate information.

22. As part of their response to the dispute, LexisNexis also provided Mr. Abdallah with a new copy of his Accurint report, dated March 21, 2016. This report contained numerous new and different inaccuracies, including but not limited to:

    a. In a section titled "Names Associated with Subject" containing eighteen (18) different listed names, birthdates, and social security numbers, fourteen (14) listings were inaccurate. Errors included, *inter alia*, misspellings of Mr. Abdallah's name, including identifying him as "ABRAHAM ABDALLADELETETRADE," and listing incorrect social security numbers.

    b. In a section titled "Others Associated with Subject SSN" containing nine (9) different listed names, birthdates, and social security numbers, eight (8) listings were inaccurate. Errors included, *inter alia*, again misidentifying Mr. Abdallah for his brother Ahamad and other unknown individuals.

    c. In a section titled "Address Summary" containing twenty-five (25) addresses and P.O. Boxes and the alleged times Mr. Abdallah lived there or used them, twenty (20) of the listings were inaccurate. Mr. Abdallah does not and has never lived at those addresses or utilized those P.O. Boxes.

    d. In a section titled "Active Address(es)," no home address was listed for Mr. Abdallah. In truth, Plaintiff lives in a home in Brooklyn.

    e. In a section titled "Previous and Non-Verified Addresses" containing twenty-five (25) different addresses and P.O Boxes, twenty (20) of the listings were inaccurate. Erroneous listings include, *inter alia*, a jail cell in the Rikers Island's adolescent unit which allegedly housed a

different individual named Abrihim A. Abdullah in the 1980s. This is particularly egregious in light of the aforementioned February 5, 2015 Accurint report, which correctly stated that Plaintiff has no criminal record.

23. On or about April 1, 2016, LexisNexis sent Mr. Abdallah another letter responding to Plaintiff's continued disputes. In this letter, LexisNexis again asserted that, *inter alia*, it is not a Consumer Reporting Agency and it would not verify or correct inaccurate information.

24. Moreover, LexisNexis claimed in the April 1, 2016 letter that its erroneous address information "was reported to [LexisNexis] by the credit bureaus, voter registration records, and utility records." LexisNexis indicated that Mr. Abdallah should "contact those [unspecified] sources directly" in order to correct LexisNexis' Accurint report.

25. Subsequently, on November 11, 2017, Mr. Abdallah wrote to LexisNexis disputing the inaccurate information contained in the Accurint reports. Specifically, Mr. Abdallah stated that local banks were relying on the inaccurate Accurint reports to deny him access to banking services, including opening checking accounts. Mr. Abdallah further stated that banks were using the Accurint report to grant credit or employment.

26. On or about January 2, 2018, LexisNexis responded to the dispute by once again claiming, *inter alia*, that LexisNexis is not a Consumer Reporting Agency and that federal law does not require it to correct inaccurate information within Accurint reports.

27. As before, LexisNexis also provided Mr. Abdallah with a new copy of his Accurint report, dated January 2, 2018. This report contained numerous new and different inaccuracies, including but not limited to:

    a. In a section titled "Subject Information," and in a separate section titled "Names Associated with Subject," both containing one (1) listed

name, birthdate, and social security number, Mr. Abdallah was incorrectly identified as 80 years old.

    b.    In a section titled "Others Associated with Subjects SSN" containing twenty-five (25) different listed names, birthdates, and social security numbers, fourteen (14) listings were inaccurate. Errors included, *inter alia*, again misidentifying Mr. Abdallah for his brother Ahamad and other unknown individuals.

    c.    In a section titled "Address Summary" containing six (6) addresses and P.O. Boxes and the alleged times Mr. Abdallah lived there or used them, two (2) of the listings were inaccurate. Mr. Abdallah does not and has never lived at those addresses or utilized those P.O. Boxes.

    d.    In a section titled "Active Address(es)," no home address was listed for Mr. Abdallah. In truth, Plaintiff lives in a home in Brooklyn.

    e.    In a section titled "Previous and Non-Verified Addresses" containing six (6) different addresses and P.O Boxes, two (2) of the listings were inaccurate. Mr. Abdallah does not and has never lived at those addresses or utilized those P.O. Boxes.

28.    On or about that time, LexisNexis also provided Mr. Abdallah with a Benefit Consumer Disclosure Report dated January 3, 2018. This report similarly contained numerous errors and misidentifications, including but not limited to:

    a.    In a section titled "Identification Records" containing sixteen (16) listings of, *inter alia*, Mr. Abdallah's name, social security number, address, and date of birth, four (4) listings were incorrect. Two listings misspelled Mr. Abdallah's name and two contained the wrong social security number.

29. Consequently, on January 26, 2018, Mr. Abdallah notified LexisNexis that the Benefit Consumer Disclosure Report contained inaccurate information. To date, upon information and belief, LexisNexis has not replied to this dispute.

30. Additionally, in a letter dated April 12, 2018, Mr. Abdallah again filed a dispute with LexisNexis in order to correct the numerous errors in the Accurint report.

31. On May 9, 2018, LexisNexis alleged that "[u]pon review of the information, we have found that Credit Bureaus, Courts, Boat Registration, Property Records, and U.S. Coastguard reported the data" in the Accurint report, and that Mr. Abdallah needed to reach out to each of them for questions about the underlying data.

32. To date, LexisNexis has not taken meaningful steps to correct their errors or to respond to Mr. Abdallah's concerns.

### Chex Systems

33. Chex Systems has also caused Mr. Abdallah to unjustifiably be denied service by multiple financial institutions and failed to correct their errors as required by law.

34. On October 19, 2017, Bethpage Federal Credit Union refused to open a Business Savings Account for Mr. Abdallah.

35. Upon information and belief, Bethpage Federal Credit Union denied Mr. Abdallah in reliance on an erroneous credit report from Chex Systems.

36. On or about October 24, 2017, Mr. Abdallah filed a dispute with Chex Systems by fax according to the policies and procedures stated on the Chex Systems website.

37. Subsequently, Mr. Abdallah attempted to open a savings account with Transportation Federal Credit Union.

38. However, on March 12, 2018, Transportation Federal Credit Union denied Mr. Abdallah service on the basis of a Chex Systems report asserting, *inter alia*, that Mr. Abdallah's reported address is not a residential address, that his Social Security Number was

linked to other individuals, and that an Extended Fraud Alert had been placed on his credit report.

39. Additionally, Mr. Abdallah attempted to open an account with Justice Federal Credit Union on October 12, 2018.

40. However, on October 30, 2018, Justice denied Mr. Abdallah an account. Justice alleged that they were unable to verify Mr. Abdallah's identification based on reports from Equifax Credit Information Services and Chex Systems.

41. Mr. Abdallah filed a request for Justice to reconsider their denial on November 5, 2018, which was again rejected for the same reason only a few days later on November 7, 2018.

## FIRST CLAIM FOR RELIEF
**Failure to Conduct a Reasonable Investigation, 15 U.S.C. § 1681i**
**Against All Defendants**

42. Mr. Abdallah repeats and re-alleged and incorporates by reference the foregoing paragraphs.

43. LexisNexis and Chex Systems violated multiple sections of 15 U.S.C. § 1681i by their conduct, acts, and omissions, including but not limited to:

    a. Failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and delete the items from Mr. Abdallah's credit file in violation of § 1681i(a)(1);

    b. Failing to review and consider all relevant information submitted by Mr. Abdallah in violation of § 1681i(a)(4); and

    c. Failing to properly delete the disputed inaccurate items of information from Mr. Abdallah's credit files or modify the items of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

44. As a result of LexisNexis' and Chex Systems' violations of 15 U.S.C. § 1681i, Mr. Abdallah suffered actual damages including but not limited to: loss of credit, deprivation of economic activity, damage to reputation, embarrassment, humiliation, anguish, and other economic and emotional harm cognizable pursuant to the FCRA.

45. These violations of §1681i were willful, rendering LexisNexis and Chex Systems liable for actual damages, statutory damages, costs, reasonable attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. In the alternative, LexisNexis and Chex Systems were negligent, entitling Mr. Abdallah to recover actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**SECOND CLAIM FOR RELIEF**
**Failure to Implement or Follow Reasonable Procedures, 15 U.S.C. § 1681e(b)**
**Against All Defendants**

47. Mr. Abdallah repeats and re-alleges and incorporates by reference the foregoing paragraphs.

48. LexisNexis and Chex Systems violated 15 U.S.C. § 1681e(b) by their conduct, acts, and omissions, including but not limited to failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Abdallah in the preparation of his credit report and credit files that it published and maintained.

49. As a result of LexisNexis' and Chex Systems' violations of § 1681e(b), Mr. Abdallah suffered actual damages including but not limited to: loss of credit, lost economic value, lost profits, damage to reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

50. These violations of § 1681e(b) were willful, rendering Defendants liable for actual damages, statutory damages, costs, reasonable attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Defendants were negligent, entitling Mr. Abdallah to recover actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF
### Failure to Promptly Investigate, NY FCRA §380-f
### Against All Defendants

52. Mr. Abdallah repeats and re-alleges and incorporates by reference the foregoing paragraphs.

53. LexisNexis and Chex Systems violated multiple sections of the NY FCRA (NY GBL §§ 380 - 380-u) by their conduct, acts, and omissions, including:

    a. Failing to promptly investigate Mr. Abdallah's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a).

54. These violations of § 380-f were willful, rendering LexisNexis and Chex Systems liable for actual damages, costs, reasonable attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-1 and entitling Mr. Abdallah to injunctive relief restraining LexisNexis and Chex Systems from any further violations of Mr. Abdallah's rights pursuant to NY FCRA.

55. In the alternative, LexisNexis and Chex Systems were negligent, entitling Mr. Abdallah to recover actual damages, costs, and reasonable attorneys' fees pursuant to § 380-m as well as injunctive relief restraining LexisNexis and Chex Systems from any further violations of Mr. Abdallah's rights pursuant to the NY FCRA.

## FOURTH CLAIM FOR RELIEF
### Failure to Establish or Follow Reasonable Procedures, NY FCRA § 380-j
### Against All Defendants

56. Mr. Abdallah repeats and re-alleges and incorporates by reference the foregoing paragraphs.

57. LexisNexis and Chex Systems violated multiple sections of the NY FCRA (NY GBL §§ 380 - 380-u) by their conduct, acts, and omissions, including:

    a. Failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Abdallah in the preparation of his credit report and credit files that it published and maintained in violation of § 380-j(e).

58. These violations of § 380-j(e) were willful, rendering LexisNexis and Chex Systems liable for actual damages, costs, reasonable attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-1 and entitling Mr. Abdallah to injunctive relief restraining LexisNexis and Chex Systems from any further violations of Mr. Abdallah's rights pursuant to NY FCRA.

59. In the alternative, LexisNexis and Chex Systems were negligent, entitling Mr. Abdallah to recover actual damages, costs and reasonable attorneys' fees pursuant to § 380-m as well as injunctive relief restraining LexisNexis and Chex Systems from any further violations of Mr. Abdallah's rights pursuant to the NY FCRA.

**FIFTH CLAIM FOR RELIEF**
**Engaging in Deceptive Acts and Practices, NY GBL § 349**
**Against All Defendants**

60. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

61. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

62. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

63. Defendants LexisNexis and Chex Systems violated Section 349 of the New York General Business Law by using deceptive acts and practices in the conduct of their businesses.

64. Defendants violations include, but are not limited to, falsely representing to Plaintiff and third-parties Plaintiff's name, aliases, age, birthdate, social security number, addresses and prior addresses, residences and home ownership status, personal associations, and criminal history, and failure to correct the reporting of such information when the inaccuracies were brought to their attention.

65. Defendants' conduct is of a recurring nature and has a broad impact on consumers at large.

**WHEREFORE**, Mr. Abdallah seeks judgment in his favor and damages against Defendant:

    A.    awarding Mr. Abdallah against all Defendants actual damages in an amount exceeding $75,000, statutory damages, punitive damages, costs, and reasonable attorneys' fees;

    B.    ordering all Defendants to immediately delete all inaccurate information from Mr. Abdallah's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information and to send updated and corrected credit report information to all persons and entities to

whom it has reported inaccurate information about Mr. Abdallah within the last three years;

C. enjoining all Defendants from violating Mr. Abdallah's NY FCRA rights; and

D. any such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Abdallah demands a trial by jury as to all issues so triable.

Dated: June 19, 2019

                        Respectfully Submitted,

                        */s/ Evan S. Rothfarb*
                        Evan S. Rothfarb
                        Daniel A. Schlanger
                        SCHLANGER LAW GROUP, LLP
                        9 East 40th Street, Suite 1300
                        New York, NY 10016
                        T: 212-500-7116
                        F: 646-612-7996
                        erothfarb@consumerprotection.net
                        dschlanger@consumerprotection.net