

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

JOHN A. WAIT
Direct No:  212.878.7907
Email: JWait@FoxRothschild.com

August 23, 2019

**VIA ECF**

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>**Abdallah v. LexisNexis Risk Solutions FL Inc. et al. – Case No. 19-cv-03609**</u>

Dear Judge Mauskopf:

  This firm represents Defendant, Chex Systems, Inc. ("Chex"), in the above-referenced matter. As provided for in Your Honor's Individual Practices, we write to inform the Court of our intention, pursuant to Fed.R.Civ.P. 12(b)(6), to file a motion to dismiss ("Motion") the claims of Plaintiff, Abraham Abdallah ("Plaintiff"), and to request a pre-motion conference and an extension of time to file our answer.[1]

**I.**   <u>**Background & Procedural History**</u>

  Plaintiff filed a four-count complaint on July 1, 2019 ("Complaint") [ECF No. 1] against Chex and its co-defendant, LexisNexis Risk Solutions FL Inc. Plaintiff generally contends that Chex, a specialty consumer reporting agency, has caused him to be denied service at three separate financial institutions due to errors contained in his consumer credit report ("Chex Report").

  In Counts I and II of the Complaint, Plaintiff asserts claims for violations of the Fair Credit Reporting Act ("FCRA"). Specifically, in Count I, Plaintiff contends that Chex violated 15 U.S.C. §1681i by failing to (1) conduct a reasonable investigation to determine whether the disputed information in Plaintiff's Chex Report was inaccurate; and, (2) delete inaccurate items from

---

[1] Chex respectfully requests that any pre-motion conference take place after September 20, 2019, which is the date by which Chex's co-defendant, LexisNexis, is due to answer or otherwise respond to Plaintiff's Complaint [ECF No. 8].

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota
Nevada   New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Washington



August 23, 2019
Page 2

Plaintiff's Chex Report. In Count II, Plaintiff alleges that Chex violated 15 U.S.C. §1681e(b) by failing to implement and/or follow reasonable procedures to ensure the maximum possible accuracy of the information published in Plaintiff's Chex Report. In Counts III and IV, Plaintiff asserts parallel state law claims under the New York Fair Credit Reporting Act ("NYFCRA") under N.Y. Gen. Bus. Law §§380-f and 380-j, respectively.

Plaintiff served his Summons and Complaint on Chex on July 1, 2019. Counsel for the parties agreed to extend the deadline for Chex to move or otherwise respond to the Complaint to August 23, 2019, and the Court granted the requested extension on August 13, 2019 [ECF No. 9].

**II.     Arguments In Support of Dismissal**

    **A.     Plaintiff's §1681i Claim Should Be Dismissed.**

The Court should dismiss Count I of the Complaint because Plaintiff has failed to state a cause of action under §1681i of the FCRA. A consumer reporting agency ("CRA"), like Chex, has a duty to conduct an investigation concerning a disputed item on a consumer's credit report if and when the consumer notifies it of the purported inaccuracy. See 15 U.S.C. §1681i(a)(1)(A); Podell v. Citicorp. Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 2007) (noting consumer must "directly convey" dispute to CRA to trigger CRA's duties under the FCRA).

Here, although Plaintiff contends that his Chex Reports were sent to three separate financial institutions, Bethpage Federal Credit Union ("Bethpage"), Transportation Federal Credit Union ("TFCU"), and Justice Federal Credit Union ("JFCU"), he only alleges that he filed a dispute concerning the Chex Report provided to Bethpage. Accordingly, Plaintiff's failure to allege that he filed a dispute with Chex regarding the Chex Reports provided to TFCU and JFCU is fatal to his §1681i claim as to those two institutions. See Gaft v. Mitsubishi Motor Credit of Am., No. 07-CV-527, 2009 WL 3148764, at *9 (E.D.N.Y. Sept. 29, 2009) (dismissing FCRA claim where plaintiff failed to notify CRA of purported inaccuracy in his credit report).

As for Bethpage, although Plaintiff does allege that he notified Chex of the disputed information in his Chex Report, his Complaint is devoid of *any* facts to suggest that Chex failed to conduct a proper reinvestigation upon receipt of Plaintiff's dispute. See Ogbon v. Beneficial Credit Services, Inc., No. 10-cv-03760, 2011 WL 347222, at *8 (S.D.N.Y. Feb. 1, 2011) (dismissing FCRA claim against CRA where complaint lacked factual allegations suggesting that CRA failed to conduct proper reinvestigation).

Plaintiff has not, nor cannot, state the requisite elements of a §1681i claim against Chex. Accordingly, the Court should dismiss Count I of the Complaint.

    **B.     Plaintiff's §1681e(b) Claim Should Be Dismissed.**

The Court should dismiss Count II of the Complaint because it lacks facts suggesting that Chex failed to follow reasonable procedures in generating Plaintiff's Chex Report. A court need



August 23, 2019
Page 3

not wait for discovery and may dismiss allegations concerning reasonable procedures that lack factual or substantive support. See Ogbon, 2011 WL 347222, at *8 ("The § 1681e(b) [claim] is also defective because Plaintiff does not provide any facts suggesting that each CRA Defendant failed to follow reasonable procedures."); Nguyen v. Ridgewood Sav. Bank, No. 14-cv-1058, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (holding same).

Plaintiff's Complaint offers nothing more than a conclusory recitation of the elements of a §1681e(b) claim. Accordingly, the Court should dismiss Count II of the Complaint.

### C. Plaintiff's NYFCRA Claims Should Be Dismissed.

The same facts giving rise to Plaintiff's federal FCRA claims give rise to his companion state law NYFCRA claims. Thus, the same deficiencies that are fatal to his federal law claims are likewise fatal to his state law claims, as Courts interpret the FCRA and the NYFCRA in the same manner. See Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 46 (E.D.N.Y. 2005); Okocha v. Trans Union LLC, No. 08-cv-3107, 2011 WL 2837594, at *5 (E.D.N.Y. Mar. 31, 2011) (noting that "the court's conclusions as to FCRA provisions also appl[y] to the relevant companion provisions of New York's FCRA" and analyzing the two statutes simultaneously). Accordingly, the Court should dismiss Counts III and IV of the Complaint.[2]

### III.   Conclusion

Chex respectfully requests a pre-motion conference to further discuss these issues and, if necessary, generate a briefing schedule. Thank you in advance for your consideration of this matter.

Respectfully submitted,

John A. Wait, Esq.

cc:   Evan S. Rothfarb, Esq.

---

[2] Plaintiff adds a N.Y. Gen. Bus. Law §349 claim for deceptive trade practices under the heading of his NYFCRA §380-j claim. To the extent this Court assesses this improperly pled claim separately, it should nonetheless dismiss it because "Plaintiff's claim is premised upon a private dispute between the parties, and thus 'would not fall within the ambit of the statute'", which aims to protect consumers at large. Ogbon, 2011 WL 347222, at *4 (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (1995)).