**SCHLANGER LAW GROUP LLP**

August 30, 2019

**VIA ECF**

Hon. Roslynn R. Mauskopf
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**      *Abdallah v. LexisNexis Risk Solutions FL Inc. et al.*
      **Index:**   Case No. 19-cv-03609
      **Our File:**  52089

Your Honor:

      My firm represents Plaintiff Abraham Abdallah in the above-referenced matter. We write to respond to the letter from Defendant Chex Systems, Inc. requesting a pre-motion conference on its proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    Plaintiff's Well-Pled Averments of the Complaint Establish Liability of Chex Systems Under Federal and State Law**

    **A.  The Complaint States a Claim Against Chex Systems Under 15 U.S.C. § 1681i for Failure to Reasonably Investigate Plaintiff's Direct Dispute.**

In relevant part, section 1681i(a)(1)(A) of Fair Credit Reporting Act ("FRCA") provides:

"[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the **consumer notifies the agency directly** . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer."

15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

      Chex Systems is a Consumer Reporting Agency ("CRA") subject to the FCRA. Complaint, ¶¶3, 14. On October 17, 2019, Chex Systems generated a report about Mr. Abdallah which contained erroneous information about him (which it sent to Bethpage Federal Credit Union). Complaint, ¶¶3, 33-35. Upon learning about the erroneous information contained in his report, Mr. Abdallah directly disputed the underlying erroneous data with Chex Systems. Complaint, ¶¶4, 33-36. However, despite receiving the dispute, Chex Systems failed to conduct a reasonable reinvestigation of Mr. Abdallah's dispute, failed to correct the erroneous information in his credit file, and subsequently reported the erroneous information to at least two third-parties, Federal Credit Union and Justice Federal Credit Union. Complaint, ¶¶3-4, 33-41, 43. These allegations sufficiently state a claim under 15 U.S.C. § 1681i. *See, e.g., Scipio v. United Consumer Fin. Servs. Co.*, No. 3:17-CV-2012 (CSH), 2018 WL 2926298, at *3 (D. Conn. June 8, 2018).

      Chex Systems misconstrues its obligations with respect to Mr. Abdallah's dispute. To establish liability under § 1681i, Plaintiff is not required to dispute a specific *report* generated by

**T.** 212.500.6114
**F.** 646.612.7996
**E.** erothfarb@consumerprotection.net

**NEW YORK**
9 East 40th St, Ste 1300
New York, NY 10016

**MISSISSIPPI**
200 North Congress Street, Ste 117
Jackson, MS 39201

Chex Systems. Rather, Plaintiff must dispute the erroneous data being reported directly with the CRA and allege a failure to reasonably reinvestigate (which may be evidenced by a failure to take corrective action). *See Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272-75 (S.D.N.Y. 2013). Factual issues regarding the specificity of the reinvestigation failure (to extent any investigation was performed at all) are uniquely within Chex Systems' possession and not appropriately resolved through a motion to dismiss.

Courts routinely conclude that the question of whether an FCRA investigation was reasonable is an issue for a jury and not the court on a dispositive motion. *See Amendoeira v. Monogram Credit Card Bank of Georgia*, No. CV-05-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007) (denying summary judgment because, *inter alia*, the reasonableness of an FCRA investigation presents an issue of fact for the jury); *Jenkins v. Capital One, N.A.*, No. 14CV5683SJFAKT, 2017 WL 1323812, at *7 (E.D.N.Y. Feb. 28, 2017) (denying summary judgment, holding "Defendant has not offered admissible evidence of what steps were taken in investigating and responding to Plaintiff's disputes, questions of fact exist regarding whether Defendant conducted a reasonable investigation. . . ."); *see also Agosta v. InoVision, Inc.*, No. CIV.A. 02-806, 2003 WL 23009357, at *5 (E.D. Pa. Dec. 16, 2003) ("Section 1681s–2(b)(1)'s investigation requirement for furnishers . . . is analogous to the requirement imposed upon credit reporting agencies under § 1681i(a) to reinvestigate a consumer's dispute regarding information contained in his credit report . . . ."); *Groves v. U.S. Bank, N.A.*, No. 8:10-CV-2665-T-17TGW, 2012 WL 360197, at *7 (M.D. Fla. Feb. 2, 2012) (". . . [W]hether a reasonable investigation has been conducted is generally a question of fact for the jury.").

### B. The Complaint States a Claim Against Chex Systems Under 15 U.S.C. § 1681e(b) for Failure to Establish or Follow Reasonable Procedures to Assure Maximum Possible Accuracy of Its Information in Credit Reporting.

Mr. Abdallah has pled that Chex Systems repeatedly reported erroneous information about him causing him to experience application denials and bank account closures resulting from its failure to establish and follow reasonable procedures to ensure accuracy. Complaint, ¶¶3-5, 33-41, 48. Even from the limited information that Mr. Abdallah has at his disposal, he learned that Chex Systems was misreporting the most basic of information about him: erroneously reporting his residence was a commercial property; his social security number was associated with other individuals; and a fraud alert had been placed on his Chex Systems credit report (which it had not). Complaint, ¶¶3, 5, 38. These averments satisfy the threshold inquiry at the pleading stage for claims under § 1681e(b), namely whether the information reported by the CRA is accurate. *See Khan v. Equifax Information Services, LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019).

Chex Systems' assertion that Mr. Abdallah did not particularize the procedures Chex Systems failed to establish and follow fails. Chex Systems has not pointed to any authority requiring Mr. Abdallah to have such detailed information at the pleading stage. *Compare* Fed. R. Civ. P. 8(a)(2); *Smith v. HireRight Sols., Inc.*, 711 F. Supp. 2d 426, 435 (E.D. Pa. 2010) ("The Court finds that such allegations, while far from being detailed, undoubtedly satisfy Federal Rule of Civil Procedure 8's notice pleading standard. Plaintiff puts Defendant on clear notice of the precise conduct which Plaintiff finds objectionable. Moreover, the Complaint provides three factual examples wherein Defendant allegedly engaged in the challenged conduct.").

SCHLANGER LAW GROUP LLP

*Hon. Roslynn R. Mauskopf*
*August 30, 2019*
*3 of 4*

Mr. Abdallah is entitled to the inference that the inaccuracies in his reported data were the result of Chex Systems' failure to establish and follow reasonable procedures to assure **maximum possible accuracy**. *See* 15 U.S.C. § 1681e(b). Further, the continued reporting of disputed, inaccurate information itself sets forth a violation of § 1681e(b). *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011) ("After considering the relationship between sections 1681i(a) and 1681e(b), the Court concludes that, under some circumstances (which may be present here), a violation of section 1681[i(a)] [*sic*] logically entails a violation of section 1681e(b). That is, if a consumer notifies a CRA the information in his file is inaccurate, and the CRA either conducts no reinvestigation or conducts an unreasonably cursory reinvestigation in violation of § 1681i(a), then any subsequent report containing the same disputed information would, necessarily, not have been 'prepare[d] . . . follow[ing] reasonable procedures to assure maximum possible accuracy.'"); *Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018) ("Section 1681e(b), however, mandates that CRAs use 'reasonable procedures to assure maximum possible accuracy of' consumer information, which by its plain text seems to bar unreasonable procedures . . . .").

### C. The Complaint Sets Forth Violations of the NYFCRA.

To the extent Chex Systems asserts deficiencies under the New York Fair Credit Reporting Act based on the FCRA, Mr. Abdallah's claims are sufficient for the reasons stated above.

### D. Chex Systems Has Violated New York Gen. Bus. Law § 349.

Chex Systems misapprehends Mr. Abdallah's claim for violations of New York Gen. Bus. Law § 349, which is pled separate and apart from his NYFCRA claim as the Fifth Claim for Relief. "To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (internal citations omitted). "[C]onsumer-oriented conduct . . . is broadly interpreted and requires merely that the conduct at issue 'have a broader impact on consumers at large.' So long as the conduct at issue can 'potentially affect similarly situated consumers,' the requirement of consumer-oriented conduct is met." *Koch v. Greenberg*, 626 F. App'x 335, 340 (2d Cir. 2015). "The statute itself does not require recurring conduct." *Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

Chex Systems' conduct with respect to Mr. Abdallah was consumer-oriented and of a recurring nature that has the potential to be repeated against a large number of consumers. Far from being a "private matter" between two parties, Chex Systems is a CRA in the business of providing consumer reports. Complaint, ¶14. Chex Systems' inability to provide accurate consumer reports concerning Mr. Abdallah or correct the inaccurate reports it continues to furnish to third-parties constitute prima facie violations of GBL § 349.

## II. Conclusion

Plaintiff respectfully submits that Chex Systems has failed to provide a substantial basis for any motion pursuant to Fed. R. Civ. P. 12(b)(6).

**SCHLANGER LAW GROUP LLP**

*Hon. Roslynn R. Mauskopf*
*August 30, 2019*
*4 of 4*

Respectfully,

Evan S. Rothfarb, Esq.

cc: all counsel of record