**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 20, 2019

Writer's Direct Contact
+1 (212) 468.8009
MBMiller@mofo.com

**Via ECF**
The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Abdallah v. LexisNexis Risk Solutions FL Inc. et al.*, Case No. 19-cv-03609

Dear Judge Mauskopf:

We represent Defendant LexisNexis Risk Solutions FL Inc. ("LNRS") in the above-referenced action.  Pursuant to Your Honor's Individual Rules Section III (A) (2), we write to request a pre-motion conference in connection with our intention to file a motion to dismiss (the "Motion") Plaintiff's claims, and to request an extension of time to file our answer and counterclaims.  This letter summarizes the bases for the anticipated Motion.

**I.      Background and Procedural History**

Plaintiff filed a complaint (the "Complaint") against Defendant, Chex Systems, Inc. ("Chex") and LNRS alleging that Plaintiff's "Accurint" report included erroneous information, and that he has long been engaged with LNRS to discuss those issues.[1]  Plaintiff served LNRS on July 30, 2019.  LNRS's time to respond to the Complaint was extended to September 20, 2019, by stipulation.  [ECF 12].

Notwithstanding that the Accurint reports in question are not consumer reports as defined in the Fair Credit Reporting Act (the "FCRA"), but instead merely compile information drawn from publicly and commercially available data, Counts I and II of the Complaint assert claims for violations of the FCRA.  Plaintiff claims that LNRS violated 15 U.S.C. §1681i and §1681e(b) by failing to conduct a reasonable investigation of his dispute and failing to implement or follow reasonable procedures to ensure the maximum possible accuracy of the information in his consumer report.  Counts III and IV assert similar claims under the New York FCRA ("NYFCRA").  Count V asserts a cause of action under NYGBL § 349 for essentially the same conduct.

---

[1] As it must on a motion to dismiss, LNRS will assume for the purposes of any motion the truth of all properly pleaded allegations.  LNRS reserves all rights to dispute Plaintiff's allegations.

MORRISON | FOERSTER

September 20, 2019
Page Two

**II.     Arguments in Support of Dismissal**

     **A.  Plaintiff's Claims Are Time-Barred.**

As relevant here, both the FCRA and the NYFCRA impose a two-year statute of limitations.  15 U.S.C. § 1681p; N.Y. Gen. Bus. Law § 380–n.  Given that the Complaint was filed on July 1, 2019, this means that any of Plaintiff's claims that accrued before July 1, 2017, are time-barred.  As alleged, nearly all of Plaintiff's claims relate to conduct in 2015 and 2016.  Even the few allegations that relate to 2017 and 2018 are simply continuations of the earlier alleged conduct, and do not start a new statute of limitations clock running.  *Moss v. Columbus Bd. of Educ.*, 98 F. App'x 393, 396 (6th Cir. 2004).  Accordingly, all of Plaintiff's claims are time-barred (and, at the very least, Plaintiff's claims from 2015 and 2016 are time-barred) and should be dismissed.

     **B.  Plaintiff's FCRA And NYFCRA Claims Should Be Dismissed Because Plaintiff Failed To Plead Sufficient Facts To Show LNRS Violated The Law.**

Plaintiff's claims under the FCRA and NYFCRA appear to be based on LNRS's provision of Accurint reports to certain third-party entities, and damages that he allegedly incurred from the loss of certain employment and credit opportunities.[2]  [ECF 1, "Compl.," ¶¶ 15, 25, 44, 49].  Plaintiff has not properly pleaded the elements of these claims, and so Counts I through IV of the Complaint should be dismissed.

*First*, both the FCRA and NYFCRA apply only to entities acting as a "Consumer Reporting Agency" ("CRA") as defined in the FCRA.  15 U.S.C. §§ 1681i, 1681e(b).  To bring an FCRA claim, Plaintiff needed to have properly pleaded, among other things, that LNRS expected the report to be used for a purpose permissible under the FCRA.  The Complaint includes only conclusory allegations that Accurint reports are consumer reports and that LNRS is a CRA, without alleging any supportive facts – a fatal flaw.  *Anthony v. GE Capital Retail Bank*, 321 F. Supp. 3d 469, 478 (S.D.N.Y. 2017); *Briggs v. Wells Fargo Bank, N.A.*, No. 14-CV-1759 RRM JMA, 2015 WL 1014184, at *3 (E.D.N.Y. Mar. 6, 2015).  This omission of relevant facts is surprising because, as the Complaint itself alleges, LNRS repeatedly told Plaintiff that Accurint reports are not consumer reports and thus not governed by the FCRA, and that any disputes should be directed to the source of the disputed information.  [Compl. ¶¶ 17, 21, 23, 26].  In addition to failing to adequately plead this required element, Plaintiff's conclusory allegation to the contrary appears to be barred by a prior settlement agreement in *Berry v. LexisNexis*, 3:11-cv-oo754-JRS (E.D.VA).

---

[2] Because New York law applies FCRA standards when applying the NYFCRA, both sets of claims fail together.  *See Okocha v. Trans Union LLC*, No. 08-cv-3107, 2011 WL 2837594, at *5 (E.D.N.Y. Mar. 31, 2011).

MORRISON | FOERSTER

September 20, 2019
Page Three

*Second*, even if the Court found that 1681e(b) applied to LNRS, Plaintiff's claim fails because he does not allege facts suggesting that LNRS failed to establish and/or follow reasonable procedures to assure the maximum possible accuracy of the information in generating Plaintiff's consumer reports. *See Ogbon v. Beneficial Credit Services, Inc.*, No. 10-cv-03760, 2011 WL 347222, at *8 (S.D.N.Y. Feb. 1, 2011) ("[t]he § 1681e(b) [claim] is also defective because Plaintiff does not provide any facts suggesting that each CRA Defendant failed to follow reasonable procedures.") "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the same reason, Plaintiff's FCRA § 1681i claim also fails. See *Ogbon*, 2011 WL 347222, at *8 (dismissing Plaintiff's 1681i claim because the Complaint lacked factual allegations that demonstrated defendants violated this provision); *Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *11 (E.D.N.Y. May 15, 2015) (same).

*Third*, although the Complaint appears to be based on certain reports that LNRS provided to third parties, and the damages that Plaintiff alleged resulted, (Compl., ¶¶ 15, 25, 44, 49), Plaintiff nowhere alleges facts with any information regarding these events, such as who ordered the reports, when it happened (which is especially important given the 2015-2016 time frame of most of the Complaint's allegations), what injury he suffered, or any other basic facts regarding these events. Again, these flaws are fatal to the Complaint.

    **C.   Plaintiff's NYGBL § 349 Claim Should Be Dismissed Because Plaintiff Does Not Sufficiently Plead That LNRS' Acts Were Consumer-Oriented Or Had Broad Impact.**

The Court should dismiss Count V because, outside of providing threadbare legal conclusions, Plaintiff does not plead particular facts that plausibly demonstrate that LNRS' alleged conduct had "a broader impact on consumers at large" or "potentially affect[ed] similarly-situated consumers," a requirement of NYGBL § 349. *Perl v. Am. Exp.*, No. 11 CIV. 6899 KBF, 2012 WL 178333, at *5 (S.D.N.Y. Jan. 19, 2012) (holding that plaintiff's NYGBL claim failed because he alleged that defendant's acts were "consumer-oriented" and "threaten[ed] the rights of consumers generally," but he did not plead particular facts).

**III.   Conclusion**

For the foregoing reasons, LNRS respectfully seeks a pre-motion conference to discuss these issues and set a briefing schedule.

Respectfully submitted,

/s/ Michael B. Miller