**SCHLANGER LAW GROUP LLP**

September 27, 2019

**VIA ECF**

Hon. Roslynn R. Mauskopf
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**      *Abdallah v. LexisNexis Risk Solutions FL Inc. et al.*
      **Index:**  Case No. 19-cv-03609
      **Our File:**  52089

Your Honor:

      My firm represents Plaintiff Abraham Abdallah in the above-referenced matter. We write to respond to the letter from Defendant LexisNexis Risk Solutions FL Inc. ("Lexis") requesting a pre-motion conference on its proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I. The Well-Pled Averments of the Complaint Establish Lexis' Liability.

### A. Lexis' Accurint Report Is a Consumer Report Under the FCRA and NY FCRA and Lexis Is Subject to the Provisions of the Acts.

      The Complaint avers that Lexis has repeatedly reported inaccurate information in its Accurint report concerning Mr. Abdallah's name, aliases, age, birthdate, social security number, addresses and prior addresses, residences and home ownership status, personal associations, and criminal history to various financial institutions, resulting in denials of credit and access to credit, banking, and financial services. Complaint ¶¶1, 2, 4, 5, 15, 25, 64. The Complaint further alleges that Lexis refused to abide by the applicable provisions Fair Credit Reporting Act ("FRCA").

      With respect to the Accurint report, Lexis is a Consumer Reporting Agency ("CRA") that compiles and generates consumer credit reports, which are provided to financial institutions. *See* Complaint, ¶¶2, 4, 5, 13, 15; *see also* 15 U.S.C. § 1681a(f); N.Y. Gen. Bus. Law § 380-a(e).[1] Lexis' Accurint product is a "consumer report" under the FCRA and NY FCRA as it is a "written, oral, or other communication . . . bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . credit or insurance . . . ." 15 U.S.C. § 1681a(d)(1); *cf.* N.Y. Gen. Bus. Law § 380-a(c)(1).

      In a similar procedural posture, one court considering whether Lexis fell within the scope of the FCRA with respect to its Accurint report held as follows:

---

[1] LexisNexis Risk Solutions has self-identified as a consumer reporting company on the list maintained by the Consumer Financial Protection Bureau (CFPB). *See* List of Consumer Reporting Companies, at 33 (accessed September 27, 2019 at 10:02 a.m.), *available at* https://files.consumerfinance.gov/f/documents/cfpb_consumer-reporting-companies-list.pdf. While not determinative, courts have considered self-identification on the CFPB list in determining coverage under the FCRA. *Id.* at 3 n.1.; *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 520947, at *2 (D. Md. Feb. 5, 2016).

**T.** 212.500.6114
**F.** 646.612.7996
**E.** erothfarb@consumerprotection.net

**NEW YORK**
9 East 40th St, Ste 1300
New York, NY 10016

**MISSISSIPPI**
200 North Congress Street, Ste 117
Jackson, MS 39201

SCHLANGER LAW GROUP LLP

Hon. Roslynn R. Mauskopf
September 27, 2019
2 of 4

> . . . to the extent that Plaintiff can establish through discovery that the information in the Accurint report qualified as "consumer information" that was "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing a consumer's eligibility for" collection of a consumer credit account, Plaintiff would succeed in establishing that Lexis produced consumer reports and that Lexis qualifies as a consumer reporting agency under the FCRA.

*Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. CIV.08-4708 (RMB/KW), 2010 WL 1931135, at *9 (D.N.J. May 12, 2010). Furthermore, "disclaimers alone are not enough for an entity that otherwise qualifies as a CRA to avoid the reach of the statute." *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 406 (S.D.N.Y. 2017), *aff'd*, 925 F.3d 99 (2d Cir. 2019).

**B. Mr. Abdallah's Complaint States a Claim Against Lexis Under 15 U.S.C. § 1681e(b) for Failure to Establish or Follow Reasonable Procedures to Assure Maximum Possible Accuracy of Its Information and Under 15 U.S.C. § 1681i for Failure to Reasonably Investigate Plaintiff's Direct Dispute.**

Mr. Abdallah's Complaint sets forth that Lexis failed to establish policies to comply with the FCRA and failed to reasonably investigate (and correct) the erroneous information it reported about him. In response to Mr. Abdallah's multiple disputes, Lexis communicated it was not subject to the FCRA and it would not correct the erroneous information, much less conduct any reinvestigation of its errors. Complaint, ¶¶1-2, 17, 21, 23, 24. These averments satisfy the threshold inquiry at the pleading stage for claims under § 1681e(b) and § 1681i, namely whether the information reported by the CRA is accurate. *See Khan v. Equifax Information Services, LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019).

Lexis' position that Mr. Abdallah did not sufficiently detail Lexis' deficient procedures is without support. Mr. Abdallah need not have (and could not have) particularized policy information ***at the pleading stage*** in order to state a claim. *Indich v. Equifax Info. Servs., Inc.*, No. 16-CV-02484-RM-MEH, 2016 WL 9244722, at *3 (D. Colo. Nov. 29, 2016), *report and recommendation adopted sub nom. Indich v. Equifax Info. Servs., LLC*, No. 16-CV-02484-RM-MEH, 2016 WL 9244563 (D. Colo. Dec. 27, 2016) ("an allegation of selling a consumer report containing obviously incorrect information, such as different names and birthdays, raises a plausible inference that the seller of the report failed to ensure the accuracy of the report.")

Mr. Abdallah is entitled to the inference that the inaccuracies in his reported data were the result of Lexis' failure to establish and follow reasonable procedures to assure ***maximum possible accuracy***. *See* 15 U.S.C. § 1681e(b). Further, the continued reporting of disputed, inaccurate information itself sets forth a violation of § 1681e(b). *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011); *Wheeler v. Trans Union LLC*, No. CV-17-03328-PHX-JAT, 2018 WL 2431876, at *4 (D. Ariz. May 30, 2018).

To establish liability under § 1681i as a matter of pleading, Plaintiff is not required to identify the third-parties to which Lexis furnished its inaccurate reports or their timing. Rather, Plaintiff need only aver that he disputed the erroneous data directly with Lexis and allege its failure to reasonably reinvestigate (which may be evidenced by a failure to take corrective action). *See Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272-75 (S.D.N.Y. 2013). Factual issues

SCHLANGER LAW GROUP LLP

Hon. Roslynn R. Mauskopf
September 27, 2019
3 of 4

regarding the reasonableness of the reinvestigation (to extent performed at all) are uniquely within Lexis' possession and not appropriately resolved through a motion to dismiss.[2]

### C. Plaintiff's FCRA and NY FCRA Claims Are Timely.

The FCRA includes both a two-year statute of limitation (based on discovery) and a separate five-year statute of repose. *See* 15 U.S.C. § 1681p. Lexis concedes that Mr. Abdallah has timely alleged misconduct by Lexis within the two-year period. Each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations. *Lawrence v. Trans Union LLC*, 296 F. Supp. 2d 582, 587 (E.D. Pa. 2003) (asserting a claim under § 1681i for consumer reporting agency's failure to reinvestigate); *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 450 (5th Cir. 1988) ("each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies.").

To the extent Lexis seeks to avert liability for violations occurring prior to July 2017 (e.g., for its failure to adequately investigate in response to dispute letters sent prior to that date), it is equitably and judicially estopped from asserting the defense. Lexis issued correspondence advising Mr. Abdallah that its Accurint consumer report was not subject to the FCRA and would not abide by the duties imposed by the FCRA (and asserted the same in prior court proceedings). It cannot now rely on a FCRA statute of limitations (the applicability of which it deliberately concealed from Mr. Abdallah) so as to avoid an FCRA claim. Furthermore, factual questions regarding the application of estoppel, such as reliance, preclude resolution in this procedural posture. *See City of New York v. Fedex Ground Package Sys., Inc.*, 175 F. Supp. 3d 351, 368 (S.D.N.Y. 2016).

### D. Lexis Has Violated New York Gen. Bus. Law § 349.

Lexis' position with respect to GBL § 349 is unavailing. Lexis is a self-identified nationwide consumer reporting agency. Complaint, ¶13. It is in the business of providing the Accurint report on a recurring basis, which potentially broadly affects consumers at large. Complaint, ¶65. "So long as the conduct at issue can 'potentially affect similarly situated consumers,' the requirement of consumer-oriented conduct is met." *Koch v. Greenberg*, 626 F. App'x 335, 340 (2d Cir. 2015). "The statute itself does not require recurring conduct." *Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

## II. Conclusion

Plaintiff respectfully submits that Lexis has failed to provide a substantial basis for any motion pursuant to Fed. R. Civ. P. 12(b)(6).

---

[2] To the extent Lexis relies on the class-action settlement in *Berry v. LexisNexis*, 3:11-cv-00754-JRS (E.D. Va.), Lexis conspicuously does not explain how such settlement bars Mr. Abdallah's claims, neither identifying Mr. Abdallah as a member of the class or what claims, if any, would be barred by any release. Furthermore, absent discovery, there is no reason to assume that the versions (and uses) of the Accurint product at issue in this litigation are the same as the versions and products at issue in that litigation.

**SCHLANGER LAW GROUP LLP**

*Hon. Roslynn R. Mauskopf*
*September 27, 2019*
*4 of 4*

Respectfully,

*[signature]*

Evan S. Rothfarb, Esq.

cc: all counsel of record